07-15-00209-CV

THE __14TH__ DAY OF __MAY__ ,2015



FILED
MAY 20 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

TO: CLERK - COURT OF APPEALS - SEVENTH DISTRICT OF TEXAS

FROM: STEVEN EDWARD BOYD - TDCJ #1940466, NS UNIT 1536 I-10 EAST
      FORT STOCKTON, TX. 79735

RE: APPLICATION FOR WRIT OF MANDAMUS

DEAR CLERK:

    PLEASE FIND ENCLOSED PETITIONER'S APPLICATION FOR WRIT OF MANDAMUS.
PETITIONER PRAYS THAT YOU PRESENT SAID INDICIA TO THE JUSTICES OF THIS COURT.

                              RESPECTFULLY SUBMITTED:

STATE COURT OF APPEALS

SEVENTH DISTRICT OF TEXAS · AMARILLO DIVISION



FILED
MAY 20 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK

IN RE STEVEN EDWARD BOYD


APPLICATION FOR LEAVE TO FILE ORIGINAL PETITION FOR WRIT OF MANDAMUS


TO THE HONORABLE JUSTICES OF SAID COURT:

EAMES NOW, STEVEN EDWARD BOYD, PETITIONER HEREIN, RESPECTFULLY MOVES THIS HONORABLE COURT FOR LEAVE TO FILE THE ATTACHED PETITION FOR WRIT OF MANDAMUS.


PETITIONER PRO SE.

i

IN RE STEVEN EDWARD BOYD    1536 I-10 EAST FORT STOCKTON, TX. 79735
     (RELATOR PRO SE.)


V.



. DAN L. SCHAAP HONORABLE JUDGE  2309 RUSSELL LONG BLVD. CANYON, TX. 79015
THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS
     (RESPONDENT)

# TABLE OF CONTENTS

1) APPLICATION FOR LEAVE TO FILE ORIGINAL PETITION FOR WRIT OF MANDAMUS ........ i

2) IDENTITY OF PARTIES ........ ii

3) TABLE OF CONTENTS ........ iii

4) INDEX OF AUTHORITIES ........ 1

5) STATEMENT OF THE CASE ........ 2

6) STATEMENT OF JURISDICTION ........ 2

+ 7) ISSUES PRESENTED ........ 2

8) STATEMENT OF FACTS ........ 3

9) ARGUMENT ........ 4,5,6,7

10) PRAYER ........ 8

11) CERTIFICATION ........ 8

++ 12) APPENDIX ........ 9

## + ISSUES PRESENTED

THE FOLLOWING ISSUES WERE HEREIN PRESENTED: 1). VIOLATION OF DUE PROCESS PURSUANT THE U.S. CONST. AMEND 14 & TEX. CONST. ART. 1 § 10. 2). THE RIGHT TO BE FREE FROM UNREASONABLE SEARCHES & SEIZURES PURSUANT TO THE U.S. CONST. AMEND. 4, 14 & TEX. CONST. ART. 1 § 9, & 1 § 10 3). THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL. U.S. CONST. AMEND. 6.

## ++ APPENDIX

EXHIBIT 1 - DOCUMENTS, POLICE REPORTS PERTINENT TO THE ISSUES & POINTS PRESENTED FOR REVIEW.

EXHIBIT 2 - INDICA DEMONSTRATING RELATOR'S INCARCERATION & EFFECT OF VOID JUDGEMENT.

# INDEX OF AUTHORITIES

SEE... TEXAS CONSTITUTION ARTICLE 1 § 9 & 1 § 10. _____ (4-7).

UNITED STATES CONSTITUTION AMENDMENTS 4, 6 & 14. _____ (4-7).

TEXAS CODE OF CRIMINAL PROCEDURE VERNON'S ANNOTATED ART. 38.23. _____ (4-7).

TEXAS RULES OF EVIDENCE RULES 103(E), 201 (2ND) & 504 (BX1). _____ (4-7).

PAPRSKAR V. STATE, 484 S.W. 2d 731; (TEX. CRIM. APP. 1972) LEXIS 1935. _____ 4,5,..

BUMPER V. NORTH CAROLINA, 391 U.S. 543, 548, 88 S.CT. 1788, 1792, 20 L.Ed. 2d 797 (1968). __ 4,5,..

FRAZIER V. STATE, 119 TEX. CRIM. 217, 43 S.W. 2d 597 (1931). _____ 4,5,

SCOTT V. STATE, 139 TEX. CRIM. 210, 139 S.W. 2d 787 (1940). _____ 4,5,

COMPTON V. STATE, 148 TEX. CRIM. 204, 186 S.W. 2d 74 (1945) _____ 4,5,.

UNITED STATES V. MATLOCK, 415 U.S. 164, 94 S.CT. 988, 39 L.Ed 2d 242 (1974). _____ (4)...

FERNANDEZ V. CALIFORNIA, 134 S.CT. 1126, 188 L.Ed 2d 25 (2014). _____ (4)....

GEORGIA V. RANDOLPH, 547 U.S. 103, 126 S.CT. 1515, 164 L.Ed. 2d 208 (2006). _____ 4,5,....

BOYD V. UNITED STATES, 116 U.S. 616, 635, 29 L.Ed. 746, 6 S.CT. 538 _____ (4).

SCHNEKLOTH V. BUSTAMONTE, 412 U.S. 218, 36 L.Ed. 2d 854, 93 S.CT. 2041 (DOUGLAS J., DISSENTING).

KOLB V. STATE, 532 S.W. 2d 87 (TEX. CRIM. APP. 1976). _____ (5).

AMOS V. UNITED STATES, 255 U.S. 313, 317, 41 S.CT. 266, 267, 65 L.Ed. 654 (1921). _____ (5).

ALLEN V. STATE, 487 S.W. 2d 120 (TEX. CRIM. APP. 1972). _____ (5).

JOHNSON V. UNITED STATES, 333 U.S. 10, 13, 68 S.CT. 367, 368, 92 L.Ed. 436 (1948). _____ (5).

SELINGER V. BIGGER, 377 F. 2d 542 (9TH CIR. 1967) _____ (5).

UNITED STATES V. VICKERS, 387 F. 2d 703 (4TH CIR. 1967). _____ (5).

RAKAS V. ILLINOIS, 439 U.S. 128, 58 L.Ed 2d 387, 99 S.CT. 421 (1978) _____ (5).

JONES V. UNITED STATES, 362 U.S. 257, 4 L.Ed. 2d 697, 80 S.CT. 725, ALR 2d 233 (1960). _____ (5),

MINNESOTA V. OLSEN, 495 U.S. 91, 109 L.Ed. 2d 85, 110 S.CT. 1684 (1990). _____ (5),

EX PARTE DUFFY, 607 S.W. 2d 507 (TEX. CRIM. APP. 1980). _____ (6).

RUMMELL V. ESTELLE, 498 F.SUPP. 793 (1980 U.S. DIST.) LEXIS 15748. _____ (6).

GAINES V. HOPPER, 575 F. 2d 1147, 1148 (5TH CIR. 1978) _____ (6).

GOMEZ V. BETO, 462 F. 2d 596, 597 (5TH CIR. 1972). _____ (6).

CARAWAY V. BETO, 421 F. 2d 636 (5TH CIR. 1970). _____ (6).

BELL V. GEORGIA, 554 F. 2d 1360, 1361 (5TH CIR. 1977). _____ (6).

BROWN V. BLACKBURN, 625 F. 2d 35, 36 (5TH CIR. 1980). _____ (6).

GLASSER V. UNITED STATES, 315 U.S. 60, 76, 62 S.CT. 457, 467, 86 L.Ed. 680 (1942). _____ (6).

DAVIS V. ALABAMA, 596 F. 2d 1214, 1218 (5TH CIR. 1979). _____ (6)(7).

FITZGERALD V. ESTELLE, 505 F. 2d 1334, 1336 (5TH CIR. 1975) (EN BANC). _____ (7).

ROPEKO V. UNITED STATES, 294 F. 2d 168, 171 (5TH CIR. 1961). _____ (7).

ALEXANDER V. UNITED STATES, 290 F. 2d 252, 254 (5TH CIR. 1961). _____ (7).

UNITED STATES V. GUERRA, 588 F. 2d 519, 521 (5TH CIR. 1979). _____ (7).

UNITED STATES V. GARZA, 563 F. 2d 1164, 1166 (5TH CIR. 1977), CERT. DENIED, 434 U.S. 1077 (1978).

MAXON V. ESTELLE, 558 F. 2d 306, 307 (5TH CIR. 1977) _____ (7).

I

## STATEMENT OF THE CASE

ISSUANCE OF MANDAMUS IS RESPECTFULLY REQUESTED BY RELATOR TO COMPEL THE HONORABLE JUDGE DAN L. SCHAAP, 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS; TO EXECUTE A DUTY FIXED TO IT BY LAW TO DECLARE VOID & VACATE A NUGATORY & VOID JUDGEMENT RENDERED BY IT ON 6-17-2014 IN CAUSE NUMBER 24,143-A.

THE TRIAL COURT JUDGE HAD NO JURISDICTION TO REFUSE TO SUPPRESS THE EVIDENCE IN CAUSE NUMBER 24,143-A IN SAID COURT WHEN THE STATE'S ATTORNEY DID NOT MEET HE'S BURDEN BY CLEAR & CONVINCING EVIDENCE THAT THE VERBAL CONSENT TO SEARCH RELATOR'S RESIDENCE WAS IN FACT GIVEN FREELY & VOLUNTARILY & FREE FROM ANY ASPECT OF OFFICIAL COERCION & DURESS, ACTUAL OR IMPLIED, REQUIRED BY STATE LAW.

THE TRIAL COURT JUDGE HAD A MINISTERIAL DUTY TO SUPPRESS THE EVIDENCE IN THE CAUSE AT BAR, IN LIGHT OF THE FACT THAT THE STATE'S ATTORNEY ADMITTED TO COURT, THE CONSENTER WAS "RELUCTANT" TO GIVE CONSENT & STATE RELIES PRIMARILY ON SAID "RELUCTANT" CONSENT TO SECURE IT'S CONVICTION.

RELATOR IS BEING DEPRIVED OF LIBERTY BY THE GROSS VIOLATIONS OF RELATOR'S TEXAS CONST. AMENDMENT ARTS. 1§9 & 1§10 & U.S. CONST. AMEND. 4,6 & 14. RELATOR IS BEING HELD PRISONER AT THE NS UNIT 1536 I-10 EAST FORT STOCKTON, TX. 79735 IN VIOLATION OF RULE 103(D) OF THE TEX. R. EVID. BY A VOID JUDGEMENT.

## STATEMENT OF JURISDICTION

THIS HONORABLE COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO TEXAS RULES OF APPELLATE PROCEDURE RULE 52 ET SEQ. TEX. CONST. AMEND. ART 1§9 & 1§10 & U.S. CONST. AMEND. 4,6,14 & TEX. R. EVID. RULE 103(E).

## ISSUES PRESENTED

THE 47TH DISTRICT COURT IN & FOR RANDALL COUNTY, TX. WAS DIVESTED OF ALL JURISDICTION WHEN:

1). TRIAL COURT JUDGE ERRONEOUSLY DENIED A MOTION TO SUPPRESS EVIDENCE BASED ON VERBAL CONSENT OF RELATOR'S SPOUSE NOT, FREELY & VOLUNTARILY GIVEN, DEPRIVING RELATOR OF DUE PROCESS, ALTHOUGH RELATOR UNEQUIVOCALLY REFUSED TO GIVE CONSENT TO SEARCH THROUGH APARTMENT.

2). SEARCH & ARREST CONDUCTED WITHOUT A WARRANT IS PER SE UNREASONABLE. EVIDENCE SEIZED AS A RESULT OF ANY ILLEGAL DETENTION WITHOUT PROBABLE CAUSE SHOULD BE SUPPRESSED. RELATOR'S MOTION TO SUPPRESS SHOULD HAVE BEEN GRANTED BECAUSE POLICE DID NOT HAVE PROBABLE CAUSE TO ARREST RELATOR OR HAVE VOLUNTARY CONSENT TO SEARCH RELATOR'S APARTMENT.

3). COUNSEL'S ERROR TO OBJECT TO THE FACT THAT CONSENTER WAS "RELUCTANT" TO GIVE CONSENT TO SEARCH WAS SO SERIOUS AS TO DEPRIVE RELATOR OF A FAIR TRIAL. COUNSEL MADE ERRORS SO SERIOUS THAT COUNSEL WAS NOT FUNCTIONING AS THE "COUNSEL" GUARANTEED DEFENDANT BY THE SIXTH AMENDMENT. COUNSEL OMITTED THE FACT THAT HE'S FRIENDS WITH STATE'S WITNESS. COUNSEL FAILED IN HIS DUTY TO AVOID CONFLICTS OF INTEREST. COUNSEL FAILED TO CALL WITNESSES FAVORABLE TO DEFENSE & FAILED TO PRESENT EVIDENCE FAVORABLE TO THE DEFENSE. BUT FOR COUNSEL'S DEFICIENT PERFORMANCE THE OUTCOME WOULD HAVE BEEN DIFFERENT. FURTHER COUNSEL ERROR IN FAILING TO OBJECT TO STATE'S USE OF PERJURED TESTIMONY DEPRIVED RELATOR OF DUE PROCESS & VIOLATES TEX. CONST. ART. 1§10 & THE 6TH AMEND. U.S. CONST.

2

## STATEMENT OF FACTS

RELATOR IS BEING DEPRIVED OF LIBERTY, DUE TO A VOID JUDGEMENT RENDERED ON 6-17-2014 IN CAUSE NUMBER 24,143-A IN & FOR THE 47TH DISTRICT COURT, RANDALL COUNTY, TX.; WHICH IS THE BASIS FOR RELATOR'S IMPRISONMENT.

ON 2-12-2013 OFFICERS OF THE APD & SWAT TEAM WERE SENT TO THE 1710 BLOCK OF SOUTH EAST 34TH, SILVER OAK APARTMENTS. OFFICERS WERE GIVEN INFORMATION FROM AN UNKNOWN SOURCE INDICATING THAT A STEVEN EDWARD BOYD WAS BELIEVED TO BE AT THIS LOCATION. INFORMATION GIVEN THAT MR. BOYD WAS THE PERSON THAT ROBBED FIRST BANK SOUTHWEST AT 5701 W 34TH. THIS BANK ROBBERY OCCURRED ON 2-12-2013 AT 9:30 A.M. A DESCRIPTION OF MR. BOYD'S VEHICLE WAS ALSO GIVEN & OFFICERS WERE WAITING ON RELATOR TO ARRIVE AT THE APARTMENTS. BOYD DID ARRIVE AT 7:50 P.M. & WAS IMMEDIATELY ARRESTED & SEARCHED. RELATOR'S CELL PHONE & KEYS WERE TAKEN. AT THAT TIME MR. BOYD TOLD OFFICERS THAT THEY CAN NOT SEARCH HIS APARTMENT. OFFICERS THEN COERCED VERBAL CONSENT TO SEARCH FROM RELATOR'S SPOUSE LAMETRA SHAVEN MOORE-BOYD. LAMETRA MOORE-BOYD "RELUCTANTLY" CONSENTED TO A SEARCH OVER THE PHONE AFTER MR. BOYD OBJECTED TO SEARCH OF APT #924.

RELATOR WAS LEGITIMATELY ON THE PREMISES WHEN "RELUCTANT CONSENT" WAS GIVEN. CONSENTER WAS NOT ON THE PREMISES AT THE TIME OF HER "RELUCTANT CONSENT" TO SEARCH. SUCH CONSENT GIVEN "RELUCTANTLY" IS NOT FREELY & VOLUNTARILY GIVEN, WHICH DENIES RELATOR OF DUE PROCESS.

COUNSEL FAILED TO MAKE OBJECTIONS TO TRIAL COURT'S DENIAL OF A MOTION TO SUPPRESS EVIDENCE THE STATE'S USE OF PERJURED TESTIMONY KNOWINGLY DEPRIVED RELATOR A FAIR TRIAL. COUNSEL FAILED IN HIS DUTY TO CALL WITNESSES & PRESENT EVIDENCE FAVORABLE TO THE DEFENSE & TO AVOID CONFLICTS OF INTEREST. WHICH DEPRIVES RELATOR OF DUE PROCESS & VIOLATES THE 6TH AMENDMENT U.S. CONST. & TEX. CONST. ART 1§10.

3

## ARGUMENT

THE MOST SERIOUS ISSUE IN THIS CASE IS THE REFUSAL OF TRIAL COURT TO SUPPRESS CERTAIN EVIDENCE SEIZED AS A RESULT OF A WARRANTLESS SEARCH OF RELATOR'S RESIDENCE AFTER HIS EXPRESS REFUSAL TO CONSENT. RELATOR'S RIGHTS UNDER THE TEX. CONST. ART. 189, 1&10 & THE FOURTH & FOURTEENTH AMENDMENTS OF THE U.S. CONST. WERE VIOLATED. SEE ALSO 38.23 VERNON'S ANN. CCP.

" IN PAPRSKAR V. STATE. 484 S.W. 2d AT 732, THE STATE RELIED PRIMARILY ON THE WRITTEN CONSENT " TO SEARCH EXECUTED BY APPELLANT'S WIFE & THAT SUCH CONSENT; GIVEN OUT OF HIS PRESENCE, WAS NOT VALID, & FURTHER THAT SUCH CONSENT WAS THE RESULT OF COERCION & DURESS. IN THE INSTANT CASE THE STATE RELIES PRIMARILY ON THE "RELUCTANT VERBAL CONSENT" GIVEN BY RELATOR'S COMMON-LAW WIFE, OVER THE PHONE, AFTER RELATOR REFUSED CONSENT TO SEARCH. RELATOR WAS LEGITIMATELY ON ON THE PREMISES & COMMON-LAW WIFE ABSENT AT THE TIME THE "RELUCTANT VERBAL CONSENT" WAS GIVEN. FURTHER SUCH "RELUCTANT VERBAL CONSENT" WAS NOT FREELY & VOLUNTARILY GIVEN.

THE PAPRSKAR COURT HELD THAT THE BURDEN OF PROOF BY CLEAR & CONVINCING EVIDENCE IS UPON THE PROSECUTION TO SHOW THAT THE CONSENT WAS IN FACT FREELY & VOLUNTARILY GIVEN. THIS BURDEN CANNOT BE DISCHARGED BY SHOWING NO MORE THAN AQUIESCENCE TO A CLAIM OF LAWFUL AUTHORITY. ID AT 484 SW. 2d 731. SEE ALSO BUMPER V. NORTH CAROLINA. 391 U.S. 543, 548, 88 S.CT. 1788, 1792, 20 L.Ed. 2d 797 (1968); FRAZIER V. STATE. 119 TEX. CRIM. 217, 43 SW. 2d 597 (1931); SCOTT V. STATE. 139 TEX. CRIM. 210, 139 S.W. 2d 787 (1940); COMPTON V. STATE. 148 TEX. CRIM. 204, 186 SW. 2d 74 (1945).

RELATOR CONTENDS THAT IN ADDITION TO THE FACT THAT LAMETRA MOORE-BOYD HAD THE AUTHORITY TO CONSENT TO A SEARCH OF MARITAL OR SHARED RESIDENCE, SHE "RELUCTANTLY" GAVE VERBAL CONSENT WHILE NOT ON THE PREMISES & AFTER RELATOR TOLD POLICE THAT THEY COULD NOT SEARCH SAID RESIDENCE. FURTHER RELATOR WAS ARRESTED FOR BANK ROBBERY IN ABSENCE OF A WARRANT & SEARCHED IN FRONT OF APARTMENT. SEARCHED. POLICE TOOK POSSESSION OF RELATOR'S PHONE & KEYS TO SAID APARTMENT. POLICE SECURED CONSENT OVER THE PHONE. SEE REPORTER'S RECORD & APPENDIX (EXHIBIT 1) OFFICER KEITH CARGO'S REPORT...

IN THE TRIAL JUDGE'S DENIAL OF RELATOR'S MOTION TO SUPPRESS HE CITES U.S. V. MATLOCK. 415 U.S. 164, 94 S.CT. 988, 39 L.Ed. 2d 242 (1974) (POLICE RELIES ON CONSENT OF ONE WHO HAS AUTHORITY TO CONSENT); FERNANDEZ V. CALIFORNIA. 134 S.CT. 1126, 188 L.Ed. 2d 25 (2014) & GEORGIA V. RANDOLPH. 547 US. 103; 126 S.CT. 1515, 164 L.Ed. 2d 208 (2006).

THE COURT'S RULING IS FATAL, ONE THAT DEPRIVES RELATOR OF DUE PROCESS, WHICH DIVESTS THE TRIAL COURT'S JURISDICTION; RESULTING IN A VOID JUDGEMENT. WHEN PROSECUTING ATTORNEY ADMITS THAT LAMETRA MOORE-BOYD WAS "RELUCTANT" TO CONSENT TO THE WARRANTLESS SEARCH OF APARTMENT. THE TRIAL JUDGE HAD A MINISTERIAL DUTY TO SUPPRESS THE EVIDENCE WHERE THE CONSENTER WAS UNWILLING TO ALLOW POLICE TO SEARCH HIS OR HER HOME. TWO QUESTIONS REMAIN UNANSWERED DUE TO TRIAL COURT'S ERRONEOUS RULING. 1) WHETHER LAMETRA MOORE-BOYD GAVE "RELUCTANT VERBAL CONSENT" FREELY & VOLUNTARILY & IN ABSENCE OF ANY ASPECT OF OFFICIAL COERCION BY EXPLICIT OR IMPLICIT MEANS, BY IMPLIED THREAT OR COVERT FORCE. FOR, NO MATTER HOW SUBTLY THE COERCION WAS APPLIED. THE RESULTING "RELUCTANT VERBAL CONSENT" WOULD BE NO MORE THAN A PRETEXT FOR THE UNJUSTIFIED POLICE INTRUSION AGAINST WHICH THE FOURTH AMENDMENT IS DIRECTED. IN THE WORDS OF THE CLASSIC ADMONITION IN BOYD V. U.S. 116 U.S. 616, 635, 29 L.Ed 746, 6 S.CT. 538: "IT MAY BE THAT IT IS THE OBNOXIOUS THING IN ITS MILDEST & LEAST REPULSIVE FORM; BUT ILLEGITIMATE & UNCONSTITUTIONAL PRACTICES GET THEIR FIRST FOOTING IN THAT WAY, NAMELY, BY SILENT APPROACHES & SLIGHT DEVIATIONS FROM LEGAL MODES OF PROCEDURE. THIS CAN ONLY BE OBVIATED BY ADHERING TO THE RULE THAT CONSTITUTIONAL PROVISIONS FOR THE SECURITY OF PERSON & PROPERTY SHOULD BE LIBERALLY CONSTRUED. A CLOSE & LITERAL CONSTRUCTION DEPRIVES THEM OF HALF THEIR EFFICACY, & LEADS TO GRADUAL DEPRECIATION OF THE RIGHT, AS IF IT CONSISTED MORE IN SOUND THAN IN SUBSTANCE. IT IS THE DUTY OF COURTS TO BE WATCH-FUL FOR THE CONSTITUTIONAL RIGHTS OF THE CITIZEN, & AGAINST ANY STEALTHY ENCROACHMENTS THEREON."

4

THE PROBLEM OF RECONCILING THE RECOGNIZED LEGITIMACY OF CONSENT SEARCHES WITH THE REQUIREMENT THAT THEY BE FREE FROM ANY ASPECT OF OFFICIAL COERCION CANNOT BE RESOLVED BY ANY INFALLIBLE TOUCHSTONE. TO APPROVE SUCH SEARCHES WITHOUT THE MOST CAREFUL SCRUTINY WOULD SANCTION THE POSSIBILITY OF OFFICIAL COERCION: TO PLACE ARTIFICIAL RESTRICTIONS UPON SUCH SEARCHES WOULD JEOPARDIZE THEIR BASIC VALIDITY. IN EXAMINING ALL THE SURROUNDING CIRCUMSTANCES TO DETERMINE IF IN FACT THE "RELUCTANT VERBAL CONSENT" TO SEARCH WAS VOLUNTARY OR COERCED. ACCOUNT MUST BE TAKEN OF SUBTLY COERCIVE POLICE QUESTIONS. AS WELL AS THE POSSIBLY VULNERABLE SUBJECTIVE STATE OF THE PERSON WHO CONSENTS.

SEE SCHNECKLOTH V. BUSTAMONTE. 412 US. 218. 36 L.Ed.2d 854. 93 S.CT. 2041 (DOUGLAS, J., DISSENTING). "UNDER MANY CIRCUMSTANCES A REASONABLE PERSON MIGHT READ AN OFFICER'S 'MAY I' AS THE COURTEOUS EXPRESSION OF A DEMAND BACKED BY FORCE OF LAW."
SEE. KOLB V. STATE. 532 S.W. 2d 87 (TEX. CRIM. APP. 1976); BUMPER V. NORTH CAROLINA. 391 U.S. 543, 548, 88 S.CT. 1788, 1792. 20 L.Ed.2d 797 (1968): FRAZIER V. STATE. 119 TEX. CRIM. 217. 43 S.W. 2d 597 (1931). SCOTT V. STATE. 139 TEX. CRIM. 210. 139 S.W. 2d 787 (1940): COMPTON V. STATE. 148 TEX. CRIM. 204. 186 S.W. 2d 74 (1945): PAPRSKAR V. STATE. 484 S.W. 2d 731. 737 (TEX. CRIM. APP. 1972). THE (532 S.W. 2d 90) BURDEN OF PROOF BY CLEAR & CONVINCING EVIDENCE REQUIRES THE PROSECUTION TO SHOW CONSENT GIVEN WAS POSITIVE & UNEQUIVOCAL. & THERE MUST NOT BE DURESS OR COERCION. ACTUAL OR IMPLIED. ALLEN V. STATE. 487 S.W. 2d 120 (TEX. CR. APP. 1972). THIS BURDEN CANNOT BE DISCHARGED BY SHOWING NO MORE THAN ACQUIESCENCE TO A CLAIM OF LAWFUL AUTHORITY. BUMPER V. NORTH CAROLINA. SUPRA: AMOS V. UNITED STATES. 255 U.S. 313. 317. 41 S.CT. 266. 267. 65 L.Ed. 654 (1921): JOHNSON V. UNITED STATES. 333 U.S. 10. 13. 68 S.CT. 367. 368. 92 L.Ed. 436 (1948). PAPRSKAR V. STATE. SUPRA. UNTIL THE STANDARD OF PROOF HAS BEEN MET. THE EVIDENCE OBTAINED IN A WARRANTLESS SEARCH CANNOT BE INTRODUCED. SEE SELINGER V. BILGER. 377 F.2d 542 (9TH CIR. 1967): UNITED STATES V. VICKERS. 387 F.2d 703 (4TH CIR 1967).

THE PROSECUTION HAD NOT ARGUED THAT. LAMETRA MOORE-BOYD CONSENTED TO A WARRANTLESS SEARCH OF APARTMENT #924 OF THE SILVER OAK APARTMENT'S FREELY & VOLUNTARILY. OR THAT RELATOR WAS ABSENT WHEN LAMETRA MOORE-BOYD'S "RELUCTANT VERBAL CONSENT" WAS GIVEN. THE PROSECUTION DOES HOWEVER. ATTEMPT TO MINIMIZE THE MEANING OF "RELUCTANCE" & THE FACT THAT OFFICERS STATED THAT THEY WOULD GET A SEARCH WARRANT IF HER CONSENT WAS DENIED. THE STATE ATTEMPTS TO MINIMIZE THE FACT THAT RELATOR OBJECTED TO SEARCH & QUESTIONED THE SEARCHES LEGALITY. FIRST. "RELUCTANT" MEANS UNWILLING ACCORDING TO WEBSTER. SECOND. OFFICERS' TESTIMONY REGARDING THE SECURING OF THE APARTMENT & SECURING A SEARCH WARRANT IF CONSENT WAS WITHHELD; IN ADDITION TO THE FACT THAT RELATOR OBJECTED TO THE WARRANTLESS SEARCH & QUESTIONED THE WARRANTLESS SEARCHES LEGALITY. THE TRIAL JUDGE HAD NO LEGAL DISCRETION IN LAW TO DENY A MOTION TO SUPPRESS EVIDENCE. BUT THE DUTY TO SUPPRESS THE EVIDENCE IN QUESTION. ESPECIALLY WHEN ONE WHO POSSESSES AUTHORITY TO GIVE CONSENT DOES SO "RELUCTANTLY" THE "RELUCTANT VERBAL ASSENT" IS COERCED & NOT FREELY & VOLUNTARILY GIVEN.

IN ADDITION TO THE "RELUCTANT VERBAL CONSENT" OF RELATOR'S COMMON LAW WIFE. LAMETRA MOORE-BOYD. RELATOR HAD AT THE TIME OF SEARCH, A SUFFICIENT INTEREST IN THE APARTMENT TO CHALLENGE THE LEGALITY OF THE WARRANTLESS SEARCH OF SAID APARTMENT. GIVEN EVIDENCE THAT STEVEN BOYD HAD A KEY TO THE APARTMENT & THE RIGHT TO ADMIT OR EXCLUDE VISITORS. RELATOR KEPT POSSESSIONS IN APARTMENT & WAS PROGRAMMED TO AN ELECTRONIC MONITORING DEVICE (ADDRESS 1710 S.E. 34TH #924 AMARILLO, TX. 79118) SEE TDCJ RESIDENTIAL PLAN IN APPENDIX (EXHIBIT I). RELATOR'S EXPECTATION OF PRIVACY IN APARTMENT IS LEGITIMATE. SEE RAKAS V. ILLINOIS. 439 U.S. 128. 58 L.Ed.2d 387. 99 S.CT. 421. C.F. JONES V. UNITED STATES. 362 US. 257. 4 L.Ed.2d 697. 80 S.CT. 725. 78 ALR.2d 233; MINNESOTA V. OLSEN. 495 US. 91. 109 L.Ed.2d 85. 110 S.CT. 1684; JONES V. UNITED STATES. 362 U.S. 257. 4 L.Ed.2d 697. 80 S.CT. 725 ALR 2d 233(A60)

WITH RESPECT TO OLSEN, SUPRA, ALL CITIZENS SHARE THE EXPECTATION THAT HOSTS WILL MORE LIKELY THAN NOT RESPECT THEIR GUESTS' PRIVACY INTERESTS EVEN IF THE GUESTS HAVE NO LEGAL INTEREST IN THE PREMISES & DO NOT HAVE THE LEGAL AUTHORITY TO DETERMINE WHO MAY ENTER THE HOUSEHOLD.

IT IS FAIR TO SAY THAT A CALLER STANDING AT THE DOOR OF SHARED PREMISES WOULD HAVE NO CONFIDENCE THAT ONE OCCUPANT'S INVITATION WAS A SUFFICIENTLY GOOD REASON TO ENTER WHEN A FELLOW TENANT STOOD THERE SAYING "STAY OUT." WITHOUT SOME VERY GOOD REASON, NO SENSIBLE PERSON WOULD GO INSIDE UNDER THOSE CONDITIONS. RANDOLPH ID. AT 111. 113. 126 S.CT. AT 1521-23. HOLDING THE "CENTURIES-OLD PRINCIPLE OF RESPECT FOR THE PRIVACY OF THE HOME" & THE "SPECIAL PROTECTION" THAT THE HOME DESERVES AS "THE CENTER OF THE PRIVATE LIVES OF OUR PEOPLE" ID AT 115. 126 S.CT. AT 1523 (INTERNAL QUOTATIONS OMITTED).

COUNSEL, MIKE WATKINS, MAXOR BUILDING LB 26 320 S. POLK ST., SUITE 901 AMARILLO, TX. 79101-1429. (806)374-9584. DID NOT FUNCTION AS THE COUNSEL GUARANTEED TO THE DEFENDANT BY THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION AS WELL THE 14TH AMENDMENT & ART. 1§10 OF THE TEXAS CONSTITUTION.

COUNSEL FAILED TO MAINTAIN HIS PROFESSIONAL DUTY TO PRESENT ALL AVAILABLE EVIDENCE & ARGUMENTS TO SUPPORT THE DEFENSE OF HIS CLIENT.

REGARDLESS OF COMPLICATIONS IN A GIVEN CASE, COUNSEL IS CHARGED WITH MAKING AN INDEPENDENT INVESTIGATION OF THE FACTS OF THE CASE, ESCHEWING WHOLESALE RELIANCE IN THE VERACITY OF HIS CLIENT'S VERSION OF THE FACTS. COUNSEL HAS THE RESPONSIBILITY TO SEEK OUT & INTERVIEW POTENTIAL WITNESSES. & FAILURE TO DO SO IS TO BE INEFFECTIVE. IF NOT INCOMPETENT. WHERE THE CONSEQUENCES IS THAT THE ONLY VIABLE DEFENSE AVAILABLE TO THE ACCUSED IS NOT ADVANCED. SEE...EX PARTE DUFFY. 607 SW. 2d 507 (TEX.CRIM APP. 1980).

IN CAUSE NUMBER 24.143-A ON 6-16-2014 IN A EX PARTE HEARING. A DISCUSSION WITH JUDGE DAN L. SCHAAP. RELATOR. &, ATTORNEY MIKE WATKINS, ABOUT RELATOR'S CONCERN THAT MR WATKINS WAS NOT EFFECTIVELY HANDLING SAID CASE SEE TRANSCRIPT FROM 6-16-2014 (RELATOR DOES NOT HAVE ACCESS TO ANY TRANSCRIPT OR RECORD OF THIS CASE)

RELATOR CONTENDS INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO INVESTIGATE THE FACTS OF THE CASE & SEEK OUT & INTERVIEW POTENTIAL WITNESSES, & SECURE THEIR ATTENDANCE AT THE SUPPRESSION HEARING HELD ON 6-17-2014. RELATOR'S COMMON LAW WIFE & CHILDREN'S MOTHER. LAMETRA SHA'VON MOORE-BOYD COMMITTED PERJURY AT THE SUPPRESSION HEARING. WHEREIN SHE TESTIFIED FOR THE STATE & DENIED THE EXISTENCE OF THE COMMON LAW MARRIAGE. THE EVIDENCE IN THE APPENDIX EXHIBIT 1 PROVES THE EXISTENCE OF COMMON LAW MARRIAGE SEE., PURPLE ENVELOPE ADDRESSED TO MARY "GRANDMA" 100 S. COLLENS TULIA.TX. 79088 FROM LAMETRA MOORE-BOYD. THIS PIECE OF EVIDENCE WAS MAILED TO RELATOR STEVEN BOYD'S GRANDMOTHER MARY WILSON POST MARKED FEB. 4. 2014. I RELATOR DID NOT KNOW THIS ENVELOPE EXISTED UNTIL AFTER THE SUPPRESSION HEARING; & THE FACT THAT COUNSEL FAILED TO INVESTIGATE & CALL WITNESSES. AT THE SUPPRESSION HEARING THE COUNSEL CALLED NO WITNESSES. RELATOR'S ATTORNEY KNEW THAT THE STATE'S CASE RESTED SOLELY ON THE THE EVIDENCE OBTAINED IN A WARRANTLESS SEARCH OF RELATOR'S APARTMENT. THE CONSENTER WAS "RELUCTANT" TO GIVE CONSENT WHICH IS NOT FREELY & VOLUNTARILY GIVEN. COUNSEL FAILED TO OBJECT TO THE VOLUNTARINESS OF THE CONSENT GIVEN. COUNSEL KNEW THAT THE DEFENSE RELIED SOLELY ON THE SUPPRESSION OF THE EVIDENCE. IF COUNSEL WOULD HAVE FOCUSSED ON THE DEFENSE SIDE OF THE CASE & NOT THE STATE'S SIDE OF THE CASE THE OUTCOME WOULD HAVE BEEN DIFFERENT. RUMMELL V. ESTELLE, 498 F. SUPP. 793 (1980 U.S. DIST) LEXIS 15748. ATTORNEY CANNOT MERELY HAVE AN UNDERSTANDING & AWARENESS OF THE STATES CASE. BUT MUST ALSO HAVE A LIKE PERCEPTION THE CLIENT'S POSITION. GAINES V. HOPPER. 575 F.2d 1147.1148 (5TH CIR. 1978) THE ATTORNEY WAS OBLIGATED TO INVESTIGATE RELATOR'S DEFENSE. EVEN THOUGH THE DEFENSE MAY NOT HAVE BEEN A STRONG ONE. AS ITS THE ONLY DEFENSE & IN DECIDING NOT TO DEVELOPE RELATOR'S DEFENSE ON THE SPOUSAL PRIVILEGE UNDER TEX. R. EVID. 504(B) & VOLUNTARINESS OF CONSENT ISSUE, RELATOR'S ATTORNEY DECIDED NOT TO PUT ON ANY DEFENSE AT ALL. WHICH DEPRIVES RELATOR OF THE RIGHTS GUARANTEED BY THE 6TH & 14TH AMENDMENTS OF THE U.S. CONST. & ART. 1§10 OF TEX. CONST. "WHEN A DEFENSE COUNSEL FAILS TO INVESTIGATE HIS CLIENT'S ONLY POSSIBLE DEFENSE. ALTHOUGH REQUESTED TO DO SO BY HIM; & FAILS TO SUBPOENA WITNESSES IN SUPPORT OF THE DEFENSE, IT CAN HARDLY BE SAID THAT THE DEFENDANT HAD THE EFFECTIVE ASSISTANCE OF COUNSEL" GOMEZ V. BETO. 462 F.2d 596.597 (5TH CIR. 1972). SEE ALSO, CARAWAY V. BETO. 421 F.2d 636 (5TH CIR. 1970); BELL V. GEORGIA. 554 F.2d 1360. 1361 (5TH CIR. 1977). THIS COURT NEED NOT "INDULGE IN NICE CALCULATIONS AS TO THE AMOUNT OF PREJUDICE" ARISING FROM INEFFECTIVE ASSISTANCE. BROWN V. BLACKBURN. 625 F.2d 35 AT 36 (5TH CIR. 1980), QUOTING GLASSER V. UNITED STATES. 315 U.S. 60. 76. 62 S.CT. 457. 467. 86 L.Ed 680 (1942). SUFFICE IT TO SAY THAT IN THIS FACTUAL SETTING. THE COURT CAN ONLY FIND THAT THE TOTAL FAILURE OF RELATOR'S LAWYER TO CONTACT ANY POTENTIAL WITNESSES & TO EVEN ATTEMPT TO INVESTIGATE THE CASE & MAKE PROPER OBJECTIONS & ARGUMENTS PRESUDICED RELATOR ENOUGH TO REQUIRE A NEW TRIAL. BROWN V. BLACKBURN. SUPRA. SEE GENERALLY DAVIS V. ALABAMA. 596 F.2d 1214. 1218 (5TH CIR. 1979). AT 596 F.2d 1221-1223.

6

A COURT-APPOINTED ATTORNEY HAS A DUTY TO CONDUCT A PROPER INVESTIGATION, WHICH, AT A BARE MINIMUM, INCLUDES INTERVIEWING POTENTIAL WITNESSES, WHETHER SUGGESTED BY THE DEFENDANT OR LISTED IN THE INDICTMENT. WHERE A DEFENDANT REASONBLY DESCRIBES POTENTIAL WITNESSES, IT IS THE ATTORNEY'S RESPONSIBILITY TO SEEK THEM OUT, ASCERTAIN THEIR VALUE TO THE DEFENSE, & IF APPROPRIATE, SECURE THEIR ATTENDANCE AT TRIAL. 498 F.SUPP. AT 793. RELATOR'S COURT-APPOINTED ATTORNEY FAILED TO INVESTIGATE THE ONLY DEFENSE OF THE SUPPRESSION HEARING.

THAT DEFENSE BEING, IF COUNSEL WOULD HAVE SOUGHT OUT THE WITNESSES TO SUPPORT RELATOR'S CLAIM, ESTABLISHING THE EXISTENCE OF A COMMON-LAW MARRIAGE & OBJECTED TO THE STATE CALLING LAMETRA MOORE-BOYD AS A WITNESS FOR THE STATE THE OUT COME DEFINITELY WOULD HAVE BEEN DIFFERENT. BECAUSE THE CONSENT IS "RELUCTANT" & TEX.R.EVID. 504, THE STATE WOULD NOT HAVE A CASE AT ALL. THE VOLUNTARINESS OF THE CONSENT WAS NEVER ADDRESSED PROVED FATAL TO THE DEFENSE. THE FACT THAT THE STATE'S CASE IN CHIEF RESTS SOLELY ON LAMETRA MOORE-BOYD'S "VERBAL RELUCTANT CONSENT" TO SEARCH, & HER PURSURED TESTIMONY & IN ABSENCE OF THESE ELEMENTS THE STATE HAS NO HOPE OF OBTAINING A VALID CONVICTION.

MIKE WATKINS "CONSPIRED" WITH THE STATE TO DEPRIVE STEVEN BOYD OF A FAIR TRIAL & DUE PROCESS & DUE COURSE OF LAW GUARANTEED RELATOR BY THE 6TH & 14TH AMENDMENTS OF THE U.S. CONST. & TEX. CONST. ART. 1 § 10 AS WELL AS THE 4TH AMEND. & ART. 1 § 9 TEX. CONST.

SEE TRANSCRIPT & APPENDIX EXHIBIT 1 - REGISTER OF ACTIONS, MIKE WATKINS NEVER ISSUED ANY SUBPOENAS, CALLED ANY WITNESSES OR IMPLIED THAT HE INTENDED TO CALL ANY.

IN CONCLUSION, IT SHOULD BE NOTED THAT IN SITUATIONS SUCH AS THE CASE AT BAR, THE 5TH CIR. COURT OF APPEALS CONCLUDED THAT "STATE ACTION" COULD BE FOUND WHERE IT IS SHOWN THAT SOME RESPONSIBLE STATE OFFICIAL CONNECTED WITH THE CRIMINAL PROCEEDING WHO COULD HAVE REMEDIED THE CONDUCT FAILED IN HIS DUTY TO ACCORD JUSTICE TO THE ACCUSED. THAT THE TRIAL JUDGE & PROSECUTOR HAVE SUCH A CAPACITY & DUTY IS UNQUESTIONABLE. THE TRIAL JUDGE & PROSECUTOR BOTH KNEW & ACTUALLY PARTICIPATED IN THE GROSS VIOLATIONS OF RELATOR'S CONSTITUTIONALLY PROTECTED RIGHTS & THEIR INCOMPETENCY WAS SO OBVIOUS THAT RELATOR'S CONVICTION IS VOID & MUST BE REVERSED & VACATED. SEE... FITZGERALD V. ESTELLE, 505 F.2d 1334, 1336 (5TH CIR. 1975)(EN BANC), POPEKO V. UNITED STATES, 294 F.2d 168, 171(5TH CIR. 1961); ALEXANDER V. UNITED STATES, 290 F.2d 252, 254 (5TH CIR. 1961); UNITED STATES V. GUERRA, 588 F.2d 519, 521(5TH CIR. 1979); UNITED STATES V. GARZA, 563 F.2d 1164, 1166 (5TH CIR. 1977) CERT. DENIED, 434 U.S. 1077 (1978); MAXON V. ESTELLE, 558 F.2d 306, 307 (5TH CIR. 1977).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, RELATOR PRAYS THAT THIS HONORABLE COURT, EN BANC, ISSUE MANDAMUS COMPELLING THE HONORABLE DAN L. SCHAAP JURIST OF THE 47TH DISTRICT COURT TO PERFORM A DUTY FIXED IN LAW TO DECLARE VOID & VACATE THE VOID JUDGEMENT RENDERED JUNE 17, 2014 WHICH IS THE BASES OF RELATOR'S IMPRISONMENT HEREIN SUFFERED, & GRANT ALL RELIEF THE COURT DEEMS JUST IN THE INTEREST OF JUSTICE. FURTHER, PURSUANT TO TEX. R. EVID. RULE 201(D) RELATOR RESPECTFULLY REQUESTS THE COURT TO TAKE JUDICIAL NOTICE OF THE INDICEA IN THE APPENDIX.

RESPECTFULLY SUBMITTED.

RELATOR PRO SE.

## CERTIFICATION

RELATOR CERTIFIES THAT HE HAS REVIEWED THE FOREGOING WRIT OF MANDAMUS & CONCLUDES THAT EVERY FACTUAL STATEMENT IN THE PETITION IS SUPPORTED BY COMPETENT EVIDENCE INCLUDED IN THE APPENDIX OR RECORD.

EXECUTED THIS ___14TH___ DAY OF ___MAY___ 2015.

8

## APPENDIX

EXHIBIT 1). DOCUMENTS, POLICE REPORTS PERTINENT TO THE ISSUES & POINTS
PRESENTED FOR REVIEW.


EXHIBIT 2). INDICEA DEMONSTATING RELATOR'S INCARCERATION & EFFECT OF VOID
JUDGEMENT.

EXHIBIT 1)

Instance = cluster15

⭐ **TDCJ - OIMS**     📠 **MAIN MENU** ‖ SEARCH  TDCJ          🔟 | **Demographic Search** | **Logout** ⊗ |

**NAME :** BOYD , STEVEN EDWARD                                    **Fact sheet** 🔲

**LOCATION :** TEXAS COUNTY JAIL - RANDALL COUNTY     **SID :** 06561065       **Public information** 🔲
**CASE OWNER :** STEVEN BRYANT

**STATUS :** Pre-Revocation - In Custody        **TDCJ :** 01627191  **TYPE :** Regular

📋 **OFFENDER MENU**       🔺 **LOGISTICS**                                    **Help** 🔲

Detainers                                              J. MORRISON                    02/14/2013 5:01 PM

EM/SISP equipment       **Residence**

Facility custody                  **>>Plan<<**           |    **Reporting instructions**

Interstate tracking

Residences             **Regular residential plan**

Travel permits

Related Sections        **Officer Number Investigating Officer**

Special conditions

Employment           **Sponsor information**

Imaging              **Sponsor relationship to offender \***

                     Self (offender)

                     **Last name \***              **First name**
                     BOYD                        STEVEN

                     **Phone 1**
                     806    - 223    - 3552

                     **Phone 2**
                             -      -

                     **E-mail**


                     **Residence information**

                     **Type of residence \***

                     Apartment

                     **Address**

                     ☑ **Check if mailing same as physical address**

                     **Physical address \***            **Mailing address**
                     1710 SE 34TH                    1710 SE 34TH

                     APT 924                         APT 924

                     **City \***                      **City**
                     AMARILLO                       AMARILLO

                     **State \***                     **State**
                     TEXAS                          TEXAS

                     **Zip code \***                  **Zip code**
                     79118    -                      79118    -

                     **County \***                    **County**
                     RANDALL                        RANDALL

                     **Offender phone**

                     **Phone 1**

**Phone 2**

**Legal county of residence**

Legal county of residenceCounty of residence transmittal required

SWISHER          ◯ Yes  ◉ No

**If county of residence is not the same as proposed residence, please select reason for transfer.**

Support of family members or friends

**Dependents**

**Offender's number of dependents**          **Number of dependents living at residence**

1

**Additional residents**                                            ADD RESIDENT

**Residence status**

**Status ***          **Date ***

In-custody          02 / 14 / 2013

**Reason**

**Comments**

| Status/ Effective Date | Reason | Created by/ Date/time | Updated by/ Date/time | Comments |
|---|---|---|---|---|
| In-custody 02/14/2013 | | J. MORRISON 02/14/2013 5:01 PM | J. MORRISON 02/14/2013 5:01 PM | |
| Active 09/26/2012 | | J. MORRISON 09/26/2012 11:28 AM | J. MORRISON 09/26/2012 11:28 AM | |
| Passed 09/26/2012 | Plan meets requirements of EM supervision | J. MORRISON 09/26/2012 11:28 AM | J. MORRISON 09/26/2012 11:28 AM | |

SUBMIT   CANCEL

Information contained herein may be confidential and privileged and shall not be disclosed except as allowed by law.

# REGISTER OF ACTIONS
## CASE NO. 24143A

State of Texas Vs. STEVEN EDWARD BOYD

§
§
§
§
§

Case Type: **Adult Felony**
Date Filed: **04/03/2013**
Location: **47th District Court**

---

PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| Defendant | **BOYD, STEVEN EDWARD** | Male Black | **MIKE WATKINS** |
| | | DOB: 11/29/1984 | *Court Appointed* |
| | | 5' 9", 180 lbs | 806-374-9584(W) |
| | AMARILLO, TX 79106 | | |
| | SID: TX06561065 | | ~~GEORGE HARWOOD~~ |
| | Other Agency Numbers | | ~~Retained~~ |
| | APD08-78462 Other-see notes | | ~~806-376-6062(W)~~ |
| | | | ~~MICHAEL WARNER~~ |
| | | | ~~Court Appointed~~ |
| | | | ~~806-372-2595(W)~~ |
| State | **State of Texas** | Other | |

---

CHARGE INFORMATION

| Charges: BOYD, STEVEN EDWARD | Statute | Level | Date |
|---|---|---|---|
| 1. ROBBERY, ENHANCED | 29.02 | Second Degree Felony | 02/12/2013 |

---

EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 02/14/2013 | <u>MAGISTRATE'S WARNING</u> |
| 02/27/2013 | <u>Order Appointing Counsel</u> |
| 02/27/2013 | <u>FINANCIAL & REQUEST FOR ATTORNEY</u> |
| 02/28/2013 | <u>Complaint Filed</u> |
| | *APD NO WARRANT* |
| 03/19/2013 | <u>FINANCIAL INFORMATION STATEMENT</u> |
| 03/25/2013 | <u>MOTION TO WITHDRAW AS COUNSEL</u> |
| | *HARWOOD* |
| 03/25/2013 | <u>Order Granting Attorney Withdrawl</u> |
| 03/25/2013 | <u>Order Appointing Counsel</u> |
| | *MIKE WARNER* |
| 04/03/2013 | <u>Indictment - (OCA)</u> |
| 04/03/2013 | <u>ORDER TRANSFERRING INDICTMENTS</u> |
| 04/03/2013 | <u>ISS CAPIAS/PRECEPT</u> |
| 04/04/2013 | <u>Order To Pay Attorney Fee</u> |
| | *HARWOOD/$100/AUDITOR* |
| 04/08/2013 | <u>FIL CAPIAS/PREC</u> |
| | *SERVED $50* |
| 04/30/2013 | <u>Inmate Mail</u> |
| | *MOTION TO DISMISS INDICTMENT FOR IMPROPER GRAND JURY PROCEEDINGS* |
| 05/14/2013 | <u>Inmate Mail</u> |
| | *MOTION FOR SPEEDY TRIAL* |
| 05/14/2013 | <u>Inmate Mail</u> |
| | *MOTION TO SUPPRESS ILLEGALLY OBTAINED EVIDENCE* |
| 06/20/2013 | **Defendant's Pre-Trial Motion** |
| | *DEF REQUEST FOR NOT OF STATE'S INTENT TO USE EVID OF EXTRANEOUS OFFENSES AT TRIAL* |
| 06/20/2013 | **Defendant's Pre-Trial Motion** |
| | *MOT FOR DISCOVERY OF PUNISHMENT EVIDENCE* |
| 06/20/2013 | **Defendant's Pre-Trial Motion** |
| | *MOT FOR PROD OF EVIDENCE FAVORABLE TO THE ACCUSED* |
| 06/20/2013 | **Defendant's Pre-Trial Motion** |

| | |
|---|---|
| 06/20/2013 | **Defendant's Pre-Trial Motion** |
| | *DEFENDANT'S MOT IN LIMINE* |
| 06/20/2013 | **Defendant's Pre-Trial Motion** |
| | *MOT FOR WITNESS LIST* |
| 06/20/2013 | **Defendant's Pre-Trial Motion** |
| | *MOT FOR DISCOVERY* |
| 06/20/2013 | **Defendant's Pre-Trial Motion** |
| | *MOT FOR DISCOVERY OF THE ARREST AND CONV RECORDS OF STATE'S WITNESSES* |
| 08/28/2013 | **STATE APPLICATION** |
| | *DOUGLAS, MOORE, YARBROUGH, MATTHEWS, WHITE, EDWARDS, O'RAND, KARR, KUEHLER, JONES, WORLEY, LOFTUS, DICKEY, KIDD, KRIZAN, SCHERLEN, SANDERSON, JENSEN, MILLER, LOPEZ, HODGES, CARGO, MOGELINSKI, HADLEY HAWLEY, SMITH, MURRY, MARCUM, MCKINNEY, FLORES, FRANKLIN, HALE, LANE, GARCIA* |
| 08/30/2013 | **Notice** |
| | *PURSUANT TO RULE 404(b), 609(f), & ARTICLE 37.07* |
| 08/30/2013 | **STATE'S MOTIONS** |
| | *FOR FINGERPRINTS* |
| 08/30/2013 | **STATE'S WITNESS LIST** |
| 08/30/2013 | **STATE'S MOTIONS** |
| | *DISCOVERY OF DEFENDANT'S EXPERTS* |
| 08/30/2013 | **Subpoena Served** |
| | *MURRY* |
| 08/30/2013 | **Subpoena Served** |
| | *FRANKLIN* |
| 08/30/2013 | **Subpoena Served** |
| | *HALE* |
| 08/30/2013 | **Subpoena Served** |
| | *LOFTUS* |
| 08/30/2013 | **Subpoena Served** |
| | *JONES* |
| 08/30/2013 | **Subpoena Served** |
| | *KRIZAN* |
| 08/30/2013 | **Subpoena Served** |
| | *EDWARDS* |
| 08/30/2013 | **Subpoena Served** |
| | *KUEHLER* |
| 08/30/2013 | **Subpoena Served** |
| | *KARR* |
| 08/30/2013 | **Subpoena Served** |
| | *O'RAND* |
| 08/30/2013 | **Subpoena Served** |
| | *HODGES* |
| 08/30/2013 | **Subpoena Served** |
| | *MCKINNEY* |
| 08/30/2013 | **Subpoena Served** |
| | *WHITE* |
| 09/03/2013 | **BENCH WARRANT** |
| 09/04/2013 | **STATE APPLICATION** |
| | *MILES* |
| 09/04/2013 | **Subpoena Served** |
| | *YARBROUGH* |
| 09/04/2013 | **STATE APPLICATION** |
| | *NELSON, WALLACE* |
| 09/06/2013 | **STATE APPLICATION** |
| | *MOORE, WALLACE* |
| 09/06/2013 | **Subpoena Served** |
| | *SHARRON WALLACE* |
| 09/06/2013 | **Subpoena Served** |
| | *LAMETRA SHAVON MOORE* |
| 09/09/2013 | **Subpoena Served** |
| | *BRANDON KEITH MILES* |
| 09/10/2013 | **Subpoena Served** |
| | *WALLACE, MOORE* |
| 09/13/2013 | **Subpoena Served** |
| | *OFFICER KIDD* |
| 09/13/2013 | **Subpoena Served** |
| | *OFFICER MOGELINSKI* |
| 09/13/2013 | **Subpoena Served** |
| | *OFFICER MILLER* |
| 09/13/2013 | **Subpoena Served** |
| | *OFFICER SANDERSON* |
| 09/13/2013 | **Subpoena Served** |
| | *OFFICER JENSEN* |

| | |
|---|---|
| 09/13/2013 | **Subpoena Served**<br>*OFFICER LANE* |
| 09/13/2013 | **Subpoena Served**<br>*OFFICER HAWLEY* |
| 09/13/2013 | **Subpoena Served**<br>*OFFICER GARCIA* |
| 09/13/2013 | **Subpoena Served**<br>*WORLEY* |
| 09/18/2013 | **RANDALL CO SO TRANSPORT**<br>*STATE WITNESS* |
| 10/10/2013 | **STATE APPLICATION**<br>*AMANDA DOUGLAS* |
| 01/07/2014 | **Inmate Mail**<br>*MOTION TO TERMINATE COUNSEL* |
| 01/23/2014 | **FINANCIAL INFORMATION STATEMENT** |
| 01/28/2014 | **COURT APPOINTED ATTORNEY**<br>*WATKINS* |
| 01/28/2014 | **ORDER FOR DISMISSAL OF ATTORNEY**<br>*WARNER* |
| 03/04/2014 | **Inmate Mail**<br>*PETITION FOR BOND REDUCTION & HEARING DATE FOR PRESENTATION OF SUPPORTIVE EVIDENCE FOR THIS HABEAS CORPUS RELIEF* |
| 03/24/2014 | **Motion**<br>*MOTION FOR THE APPOINTMENT OF AN INVESTIGATOR* |
| 04/09/2014 | **ORDER GRANTING SUBSTITUTION OF COUNSEL**<br>*GRANTED* |

Lamutra S. Boyd
3613 S. williams
Amarillo TX 79118

AMARILLO TX 791

06 MAY 2013 PM 2 T

D-111

JUSTIN RYAN BRIGMAN
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 04-09-2014
NOTARY PUBLIC STATE OF TEXAS

Stuvun holward Boyd # 61433
9100 S Gworgia St
Amarillo TX 79118

791185073

This statement is true & correct to the best of my knowledge, of my own freewill

On 2-12-13 I, Lametra Moore, only gave police consent to go in my apartment & see if my daughter Dee Moore. When police did ask to search, they would not tell me why or what they were looking for. I initially told them no & they keep saying they want to just see if my daughter was inside. I then gave them consent not knowing that my husband Steven Boyd already asked the same police officers if they had a search warrant or an arrest warrant also I already told police that I will not testify against my husband I will use my spousal privilege [CCP] art. 38.10. This is my statement of my own freewill no one has made me, or threatened me to make this statement

Latra Boyd

Date 5/2/13

I RECEIVED THIS IN THE

MAIL ON 5-8-13 FROM

LAMETRA BOYD

JUSTIN RYAN BRIGMAN
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 04-09-2014

## Supplement Information

| Supplement Date | Supplement Type | Supplement Officer |
|---|---|---|
| 02/13/2013 08:01:30 | ADDITIONAL OFFICER | (CA309) CARGO, KEITH A |
| Contact Name | | Supervising Officer |
| | | |

## Supplement Notes

On Tuesday, 2/12/2013, other SWAT officers and I were sent to the 1700 block of SE 34th. We were told to watch for the suspect in a bank robbery which occurred earlier today. Detectives had developed a lead on a male who was identified as Steven Boyd, BM, 11/29/1984. It was believed that Boyd robbed the First Bank of Southwest, 5701 W 34th, at approximately 9:30 AM this morning. I was in a vehicle with Cpl Hudson, Cpl Pacheco, and Officer Ainsworth as we waited for Steven Boyd to arrive in the area. We were told that Boyd would be driving a white Ford Expedition bearing [REDACTED] Boyd arrived in the Expedition at approximately 7:50 PM. He parked the vehicle in a handicap parking space, exited the SUV with an open can of Budweiser beer and began walking towards the front of the vehicle. We drove past the illegally parked vehicle to confirm the license plate registration was correct. We turned around, exited our unmarked undercover vehicle and approached Boyd who was standing near the front of the Expedition. We began announcing our presence as police officers due to the fact that it was dark outside. We were a couple of car lengths away from the vehicle when we began making the announcement. An 11 year old girl who was with Boyd, ran west and then north between apartment buildings as we began identifying ourselves. There was a second adult male with Boyd and a 1 year old male child. Boyd began walking away from us as we requested that he show us his hands. He walked from the driver's side front of the vehicle around to the passenger side front of the vehicle and dropped the open can of Budweiser beer. He initially was reluctant to cooperate with our request to show us his hands. After we were able to verify that Boyd did not have any weapons, he asked us if we would contact the 1 year old's grandmother who lived at apartment #917. At about the same time, the grandmother, exited apartment 917. She was identified as Sharron Wallace, [REDACTED] She works for a contracting company who cleans airplanes for Southwest Airlines at the Amarillo International Airport. Ms Wallace agreed to take custody of the 1 year old. I asked her if the 11 year old female had gone to her apartment and she said she had not. Wallace thought the 11 year old female might have gone into the apartment where the 11 year old lives. That apartment number is 924. Wallace said the 11 year old is her granddaughter and her name is Dejontandria Moore, [REDACTED] Wallace and I went to apartment 924 to check the welfare of Dee Moore. Wallace knocked on the door but there was no answer. Dee Moore arrived at Wallace's apartment a short time later. The 1 year old was identified as Javien Harris. He is Dejontandria's brother. Sharron Wallace agreed to take custody of both of the children. Wallace told me that Boyd is the boyfriend of her daughter, Lemetra Moore, BF, [REDACTED]. Moore was working at TPMHMR. Wallace called Lemetra Moore and informed her of our presence. I asked to speak to Lemetra and was handed the telephone. I identified myself and shared with her the reason for our presence. Lemetra told me that she was renting apartment 924. She said she is the only one on the contract but Boyd stays with her occasionally but does not live there. I explained that a crime had occurred earlier today and that we believed that Boyd was involved in the crime. I asked Lemetra for consent to search her apartment for evidence of the crime. Lemetra was initially reluctant to allow us to search the apartment because she was not there. I explained that Wallace could accompany us during the search. At that point, Lemetra gave me verbal consent to search her apartment. Sgt Hawley was present during the phone call as well as Ms Wallace. I returned the phone call to Wallace and she verified from Lemetra that permission to search had been given. Wallace had the key to the apartment and unlocked the door to #924. She let us into the master bedroom where Lemetra stated Boyd's property would be. When I walked into the bedroom, I saw a hooded, black, Walls brand work coat size 2XL. The coat was leaning in one of the corners inside the bedroom. The coat was between a wall and a dresser. The jacket matched the description of the coat worn by the robbery suspect at the bank robbery earlier today. Wallace and Dee Moore pointed to a dresser which was the same dresser beside the coat. They said the drawers nearest the coat were sometimes used by Boyd. I looked into the top right drawer. There was miscellaneous men's clothing inside the drawer along with a black 3-holed ski mask. Today's robber also wore a black ski mask. Sgt Hawley called CSI and requested that an ID technician respond to our scene. Officer VC Smith responded and photographed the scene for us. After the photos were taken, I also found a pair of black size 38 by 34 Dickey work pants also matching the robber's clothing description. The pants were in the washing machine. I continued searching and found a wad of cash. The money was in the back right pocket of a pair of gray Foureast brand size 2XL sweatpants. The sweatpants were hanging on a hanger in the master

bedroom closet. There was also a pair of size 10 1/2 Contractor brand work boots. The boots were on the closet floor below the sweatpants. Above the sweatpants, on a shelf I saw a shoe box. The box was blue and white in color and was made for a women's Sperry brand size 6 1/2 shoe. There was a black nylon zip bag labeled Andis inside the shoe box. I looked inside the black bag. I found a black framed revolver with brown wooden handles. The revolver was an RG 38 special revolver. The serial number on the gun was ▮▮▮▮▮ I did not run the gun to determine if it had been reported stolen. The weapon was loaded with 4-38 special Blazer brand bullets and 1 RP 38 special bullet. One round was missing from the cylinder. The round with the missing from the location in the cylinder that would allow a bullet to leave the cylinder and enter the barrel. I also found 2 receipts during the search. One receipt was for $99.59 from a purchase made at Victoria Secret earlier today around 2:00. The second receipt was a receipt from Ladies Footlocker for property valued at $155.87. The receipts were on the same dresser from which the ski mask had been taken. The purchases on both receipts were made within approximately 10 minutes of each other and occurred sometime around 2:00 PM. All of the above listed items of interest were photographed by Officer Smith and later booked as evidence by Officer Smith. Fingerprint work was going to be performed on the items that could be fingerprinted. After Officer Smith photographed the money and prior to it being booked as evidence, Cpl Pacheco and I counted the money in the master bedroom. That money was the same money that had been found in the back sweatpant pocket. The total amount of money found was $1545. There were 8-$50 bills, 35-$20 bills, 40-$10 bills, and 9-$5 bills. The money was in denominational order with the $50s on the outside of the wad and the $5 bills on the inside. Sgt Hawley had serial numbers for $20 bills that had been stolen from the bank. Out of the 35-$20 bills recovered in the sweatpant pocket, 23 of those $20 bills had matching serial numbers to the serial numbers of the $20 bills that were stolen in the bank robbery. At that point, we had recovered over half of the cash stolen from the bank robbery and what appeared to be the clothing worn by the suspect during the robbery as well as the RG 38 caliber revolver. Lemetra Moore arrived home soon after Sgt Hawley was able to verify the serial numbers on the $20 bills. Lemetra Moore had been very cooperative on the telephone while giving consent to search the apartment and continued to be cooperative when she returned home. I informed her of the evidence that we had found including the money from the robbery. I also mentioned the matching clothing. During the earlier phone conversation, Lemetra Moore explained to me that she had been working since 6:00 AM and she did not get off of work until 9:00 PM. She stated she was working at Club Meadow Group Home. During that same phone conversation, and initially after meeting Lemetra Moore in the apartment, I did not believe she had any involvement in the robbery. She had been cooperative and seemed genuinely concerned about the recovery of the items related to the bank robbery in her apartment. Since money was still missing from the robbery, I asked Moore where I might find the items listed on the Victoria's Secret receipt and the Ladies Footlocker receipt. I felt that it was possible that Boyd might have gone shopping using money from the bank robbery. Dee Moore had already mentioned that Boyd had taken her to the mall after she got out of school. Lemetra Moore asked me what the items were that were listed on the receipt. I told her the main purchase from Footlocker was a pair of women's Nike Air Jordan tennis shoes. The shoes were described on the receipt as being black with a multi-color sole. Lemetra immediately showed signs of being nervous and first said she did not know anything about the shoes. At that point, I noticed the shoes she was wearing were new black Nike Air Jordan tennis shoes with multi-color soles. Demetra said she had owned those shoes for awhile. There was an empty Nike Air Jordan shoe box on the bed that matched the size and description of the shoes on the receipt. The shoes Lemetra Moore was wearing were the same size and same description. I again asked Lemetra Moore about the shoes. She changed her story saying Boyd brought the shoes to her while she was at work today. After a little more conversation, she changed the story again and said she bought the shoes and the items from Victoria's Secret earlier today while she was at the mall. She then revealed that she had lied to me during the initial phone conversation when she said she was working from 6:00 AM to 9:00 PM today. She confirmed her actual work hours today to be 6:00 AM to 9:00 AM and then returning to work at 3:00 PM to 10:00 PM. She said she lied about shopping because she feared she might have used some of the money from the robbery to purchase the merchandise she had bought. Boyd had given her money prior to the shopping trip. Lemetra Moore was able to find the top she purchased at Victoria Secret but did not find the pants. Officer Smith photographed the shoes Moore was wearing and took custody of those shoes and the top from Victoria Secret. I noticed Lemetra's hands were shaking and she continued to act as if she knew more about the robbery than she was saying. She mentioned that Boyd had picked her up late this morning after she got off work. She told me that she had gotten off at 9:00 AM but that he did not show up until approximately 9:45. She said she was working at a group home on Carlton Street. She said no one was at the house when she was picked up. I explained to her that I knew it was very possible that she unknowingly used money from the bank robbery to buy the shoes and clothing. I also shared with her my belief that she was withholding information about the robbery. I reviewed the time line that she had given me for her work schedule which included dropping mental health clients from the house on Carlton to the ASCI facility at approximately 8:04 AM this morning and then returning to her office which is at 901 Wallace shortly after that. She said after leaving the office on Wallace at about 8:27 AM, she returned the van back to the group home at Carlton. She said she waited there until she was picked up by Steven Boyd at 9:45. She told me that they returned to the apartment and she took a shower. She said she left without Boyd at that time. At 10:20 she left the apartment and went to her cousin's house who was identified as Keisha Ryan who lives at an unknown address on Nix. She and Keisha went to the mall at about 12:50 and then left the mall at about 2:20. Lemetra Moore said she then returned home and showered and went back to work. My thought at that time when I

was reviewing the information with Moore was that she knew more about the robbery. I thought the information she knew was potentially that Boyd may have admitted to her that he had done the robbery. I also realized there was a time-frame in which she could not account for her whereabouts and she did not have an alibi. Lemetra Moore told me there was nothing else that she was just worried about what was going on. She insured me that she had told me everything. This discussion had been taking place at her kitchen table. And we were both seated at chairs at the kitchen table. Sgt Hawley and Officer Pacheco were in the same room with us listening to the conversation. I stood up from the table and explained to Lemetra that there was a possibility that I would have to testify in court reference the robbery case. I shared that even though she had initially been cooperative, that I would have to relay information about her deception about work times, multiple stories about the shopping trip, and the fact that she could not verify her activities from 9:00 AM to 3:00 PM. She then asked me if she could speak to me alone. I told her that I would share any information given to me in privacy with Sgt Hawley and Cpl Pacheco. I encouraged her to say what she needed to say in front of all of us. She agreed to do so. She then admitted to me that Steven Boyd had picked her up from the group home which is at 3400 Carlton shortly after 9:00 AM this morning. He was driving her white Expedition when he picked her up. Steven Carlton was wearing the black Walls coat that I had found in the bedroom along with black pants and the black work boots that I had found in her closet floor. She said they then drove to the area of the bank and parked. Steven Boyd showed her the RG pistol that had been found in her closet. He told her he would be right back and then walked towards the bank. She said he returned moments later and they left. After hearing this information, I requested Lemetra to go to the police dept and speak to the detectives who were working the case. She agreed. Officer Roberts came to the apartment and transported Lemetra Moore to the Detective Division where she told Sgt Jones and Cpl Mogelinski the story of how the robbery occurred. She was then taken back to her apartment by Officer Roberts. For additional details see other officers' reports reference this incident. There are no other details at this time. Cpl Cargo #309. tlc [02/13/2013 08:50]



### Supplement Information

| Supplement Date | Supplement Type | Supplement Officer |
|---|---|---|
| 02/13/2013 17:02:41 | FOLLOW UP INVESTIGATION | (HA193) HAWLEY, KYLE |
| Contact Name | | Supervising Officer |
| | | |

*CCP. ART 18.06(B)    4TH AMENDMENT*
*15.26*

### Supplement Notes

On Tuesday, February 12th, 2013, other officers of the APD and SWAT team and I were sent to the 1700 block of SE 34th. We were following up on a lead from a bank robbery suspect. Information we had been given indicated that a Steven Edward Boyd BM DOB 11/29/84 was believed to be at this location. Information was developed that Mr Boyd was a suspect in the robbery of the First Bank of Southwest at 5701 W 34th. This bank robbery occurred at 9:30am. The information we received indicated that Mr Boyd would be driving a white Expedition bearing Texas license ▮▮▮▮▮ I requested other members of the SWAT team to move to that location in an attempt to locate the Expedition. The plan was to approach Mr Boyd and conduct further investigation regarding his involvement in the robbery. Mr Boyd had outstanding warrants through the Amarillo municipal court system. Mr Boyd was did arrive and the SWAT officers took him into custody. I was not present for Mr Boyd's arrest. Once Mr Boyd was in custody myself and Cpl Cargo went to Apt 917 with the grandmother of two children that had been in the vehicle with Mr Boyd. She was identified as Sharron Wallace ▮▮▮▮▮ Ms Wallace was going to take custody of the two children. For reference this please to refer to Cpl Cargo's supplement under this IR #. During our investigation we were led to Apt #924. This is where Mr Boyd and Lemetra Moore ▮▮▮▮▮ were to live. We attempted to locate individuals in Apt #924. We were unable to locate individuals in that apartment but we did make contact with a female who was identified as Dejontandria later referred to as D Moore ▮▮▮▮▮. We learned that Lemetra Moore would be at work and we contacted her by phone in attempt to discuss consent in searching the apartment. Cpl Cargo spoke with Lemetra over the phone at which point she gave consent. This consent was confirmed by Mrs Wallace. Ms Wallace agreed to escort us up to the apartment so that she could revoke consent if there were things going on that she thought was improper. While we were conducting our investigation Ms Wallace was on the phone with Lemetra Moore. Once inside the residence Cpl Cargo was able to locate a black Carhartt jacket and a black mask which were similar in description to that used in the robbery. We made the determination that we would wait for the CSIU to come to our location to document the location of the jacket and other evidence that we might find. While we were waiting on the CSI officer to arrive Lemetra Moore did arrive at this location. We explained to her the items that we had found and she became aware that they were consistent with those used in the robbery. Ms Moore continued allowing us to search and was present for a large portion of this search. During the search for evidence Cpl Cargo found several pieces of evidence including a large sum of money. This money totaled up to $1,545. Included in that was thirty-five $20 bills. I did some research contacting the detective in charge and learned that out of the bills taken twenty three matched in serial # to those that were taken in the robbery. While searching the apartment I located a backpack that was in the kitchen dining room area. While searching the backpack I located two .38-caliber bullets. I turned these over to Officer Smith who later booked them as evidence. They were .38 bullets that were consistent with bullets found in a gun located at the apartment complex. While we were searching for other places the cash might be located. We located items that appeared to be items that had been purchased on today's date. These included receipts for Victoria's Secret and Kid's Footlocker. These receipts indicated that items had been purchased after the robbery using cash money. Believing that these items may have been taken in the robbery we began to talk with Ms Moore about ownership of these items, and the chance that they were purchased with money from the robbery. During the conversation we learned that the items were likely bought with money taken from the robbery. We began trying to collect these items so that they could be booked as evidence. While speaking with Lemetra it appeared that she was beginning to change her story about these items. We continued our investigation trying to determine if the items were actually taken from the proceeds of the robbery or if there was some other involvement by Ms Moore. Ms Moore indicated originally that she had merely been a victim of circumstance indicating that she had been given money but had no knowledge of the robbery. As we continued our investigation we were able to determine that Ms Moore had been present during the robbery. This point we contacted the detective division and informed them that we believed Ms Moore was a driver at the robbery Lt Krizan requested that I attempt to have Ms Moore come to the PD for an interview I was able to convince Ms Moore to come to the PD on this occasion so that we could clear up the story. Ms Moore agreed to do so. I requested a field unit to come to our location and transport Ms Moore to the detective division. During our conversation with Ms Moore it appeared that she might know more regarding the robbery but we did not feel that

she had been actually involved in the robbery. We felt like she had spent money taken from the robbery knowingly but were somewhat surprised when she admitted to being the driver of the vehicle as the vehicle left the scene. Sgt Jones and Cpl Mogelinski were able to interview Ms Moore at the PD and learned that she was in fact the driver leaving the scene. For additional details reference this incident please refer to other officers' supplements under this IR #. Officer Assigned: Hawley #193  SV 02/13/2013 1856

*What about the law of parties??*

EXHIBIT 2)

## DECLARATION OF INCARCERATION

MY NAME IS STEVEN EDWARD BOYD. I AM OVER THE AGE OF EIGHTEEN & OF SOUND MIND & COMPETENT TO MAKE THIS DECLARATION. I WOULD THEREFORE DECLARE:

AS A RESULT OF JUDGEMENT RENDERED BY THE 47TH DISTRICT COURT, THE HONORABLE DAN L. SCHAAP PRESIDING. I AM NOW SERVING A 30 YEAR SENTENCE IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION (TDCJ-ID) UNDER THE IDENTIFICATION NUMBER 1940466. THIS SENTENCE COMMENCED ON JUNE 17, 2014. FURTHER, DECLARANT SAYETH NOT.

STEVEN EDWARD BOYD, DECLARANT

## VERIFICATION

I DECLARE OR CERTIFY, VERIFY, OR STATE THAT THE ABOVE & FOREGOING INFORMATION IS TRUE & CORRECT TO THE BEST OF MY ABILITY UNDER PENALTY OF PERJURY.

EXECUTED ON THIS ___14TH___ DAY OF ___MAY___ 2015.

STEVEN EDWARD BOYD, DECLARANT

USA FOREVER 2013

04 FEB 2014

Lanaehya Moore Boyd
1204 SW 18H
Amarillo TX 79102

"Maw Maw" "Grandma"
100 S Collins
Tulia TX 79088



# 19101266

STEVEN BOYD
N5 UNIT 1536 I-10 EAST
FORT STOCKTON, TX. 79735

COURT OF APPEALS
SEVENTH DISTRICT OF TEXAS
P.O. BOX 9540
AMARILLO, TX. 79105 - 9540